Jose Apolinar ZARAGOZA-CASTANEDA; Maria Isabel Zaragoza; Dennys Jose Angel Zaragoza-Garcia, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04-72451.

Agency Nos. A79-523-981, A79-523-982, A79-523-983.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Edgardo Quintanilla, Esq., Attorney at Law, Sherman Oaks, CA, for Petitioners.

---

courts of this circuit except as provided by 9th Cir. R. 36-3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36-3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

992

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM **

Jose Apolinar Zaragoza–Castaneda, Maria Isabel Zaragoza, and Dennys Jose Angel Zaragoza–Garcia, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reconsider the BIA's decision affirming an immigration judge's ("IJ") pretermission of their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Petitioners contend that their period of continuous physical presence should not have ended until their notices to appear were filed with the immigration court. The BIA, however, correctly deemed the petitioners' period of continuous physical presence to have ended when petitioners were served with their notices to appear. *See* 8 U.S.C. § 1229b(d)(1)(A) (period ends "when the alien is served a notice to appear"); *Lagandaon v. Ashcroft*, 383 F.3d 983, 989 (9th Cir.2004) ("We conclude that the period of continuous presence ends on the day the Notice is served.").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Petitioners failed to raise a colorable due process claim. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001).

PETITION FOR REVIEW DENIED.